IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MARCUS A. KELLEBREW**                                                                          **PLAINTIFF**

v.                                           Case No. 4:23-cv-00170 KGB

**STATE OF ARKANSAS,** *et al.*                                                              **DEFENDANTS**

## ORDER

Before the Court are several motions filed by plaintiff Marcus A. Kellebrew. Mr. Kellebrew has filed a motion for leave to proceed *in forma pauperis* (Dkt. No. 1), a petition for "writ of mendabus [sic]" (Dkt. No. 9), a motion for order (Dkt. No. 10), a motion for judgment by default (Dkt. No. 24), and a "motion for relief and injunctive relief excessive Eighth Amendment violations" (Dkt. No. 28). Defendants Melody Anderson and Katrina Barrow have filed a separate motion to dismiss (Dkt. No. 5). Defendant Thomas McBroome has filed a separate motion to dismiss (Dkt. No 14). Defendants Melody Anderson, Katrina Barrow, and Lasandra Sanders have filed a supplemental motion to dismiss (Dkt. No. 22). Finally, defendants Melody Anderson, Katrina Barrow, and Thomas McBroome have filed a motion to vacate the initial scheduling Order (Dkt. No. 19). For the following reasons, the Court grants all three motions to dismiss, dismisses Mr. Kellebrew's complaint consistent with the terms of this Order, and denies all remaining motions.

    **I.**    **Background**

Mr. Kellebrew is a convicted sex offender who was released on parole on April 5, 2022 (Dkt. No. 2, at 43-44). On March 6, 2023, Mr. Kellebrew filed a motion for leave to proceed *in forma pauperis* and a complaint naming as defendants the State of Arkansas, Arkansas Community Corrections, Arkansas Department of Corrections, and Arkansas Community Corrections agents

Melody Anderson, Katrina Barrow, Lasandra Sanders, and Thomas McBroome (Dkt. Nos. 1; 2). The Court understands Mr. Kellebrew to allege that a search of his home by defendants was an unreasonable search and seizure in violation of the Fourth Amendment to the United States Constitution and an unconstitutional retaliation in violation of the First Amendment to the United States Constitution (Dkt. No. 2, at 4, 5, 8-10).

On March 3, 2023, before the Court ruled on Mr. Kellebrew's motion to proceed *in forma pauperis*, he paid the Court's filing fee (Dkt. No. 3). Rather than serve process, Mr. Kellebrew sent a letter with some portion of the complaint but no summons to Arkansas Community Corrections Agents Anderson and Barrow (Dkt. No 5, ¶ 2). On March 31, 2023, Agents Anderson and Barrow filed a motion to dismiss (Dkt. No. 5).

On April 12, 2023, Mr. Kellebrew filed a petition for "writ of mendabus [sic]" (Dkt. No. 9). This filing appears to inform the Court that Mr. Kellebrew has a separate related case in the Arkansas state court system and that he has filed related "Title VI complaints" with the Department of Justice (*Id.*, ¶¶ 1, 2). It also alleges additional violations not mentioned in Mr. Kellebrew's complaint of his rights under the Eighth Amendment to the United States Constitution and the Arkansas Constitution, though it does not specify the ways in which Mr. Kellebrew believes that these rights were violated (*Id.*, ¶¶ 3, 4).

On April 19, 2023, Mr. Kellebrew filed another document with the Court (Dkt. No. 10). This filing appears to allege that Agent Anderson refused service of process, although it also appears to conflate service of process and the informal letter sent by Mr. Kellebrew (*Id.*).

On May 4, 2023, Arkansas Community Corrections Agent McBroome filed a separate motion to dismiss (Dkt. No 14). On August 28, 2023, Agents Anderson and Barrow, joined now by Agent Sanders, filed a supplemental motion to dismiss (Dkt. No 22).

On September 5, 2023, Mr. Kellebrew moved for default judgment (Dkt. No. 24). On February 15, 2024, Mr. Kellebrew filed a motion seeking relief and injunctive relief (Dkt. No. 28).

## II.     Mr. Kellebrew's *In Forma Pauperis* Motion

After moving for leave to proceed *in forma pauperis*, Mr. Kellebrew paid the Court's filing fee (Dkt. Nos. 1; 3). The Court therefore denies as moot Mr. Kellebrew's motion to proceed *in forma pauperis* (Dkt. No. 1).

## III.    Claims Against Agent Defendants

The Court now turns to the three pending motions to dismiss filed by Agents Anderson, Barrow, Sanders, and McBroome. First, Agents Anderson and Barrow move to dismiss on grounds of insufficient services of process, sovereign immunity in their official capacities, and qualified immunity in their individual capacities (Dkt. No. 5). Second, Agent McBroome moves to dismiss on sovereign immunity and qualified immunity grounds (Dkt. No. 14). Third, Agents Anderson and Barrow, now joined by Agent Sanders, filed a supplemental motion to dismiss focusing again on Mr. Kellebrew's insufficient service of process (Dkt. No. 22).

### A.     Service Of Process

Agents Anderson, Barrow, and Sanders move to dismiss for insufficient service of process (Dkt. Nos. 5, 22). They assert that Mr. Kellebrew sent a letter to Agents Anderson, Barrow, and Sanders that did not attach a copy of the summons and the complete complaint, instead only including 24 pages of the 120-page case-initiating pleading (Dkt. No. 23, at 2–3). Federal Rule of Civil Procedure 4 requires service of "a copy of the complaint" and summons. Fed. R. Civ. P. 4(c)(1). Because Mr. Kellebrew failed to provide a complete copy of the complaint and provided no summonses for Agents Anderson, Barrow, and Sanders, Mr. Kellebrew failed to comply with Rule 4, and his complaint against Agents Anderson, Barrow, and Sanders should be dismissed for

this reason.  The Court grants Agents Anderson, Barrow, and Sanders's motions to dismiss for insufficient service of process (Dkt. Nos. 5, 22).

## B. Dismissal On The Merits

The Court finds that, even if this Court were to assume that Mr. Kellebrew obtained sufficient service of his summons and complaint on defendants Agents Anderson, Barrow, Sanders, and McBroome, Mr. Kellebrew's claims against these defendants should be dismissed.

Federal Rule of Civil Procedure 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2).  Specific facts are not required; the complaint simply must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  However, the complaint must include enough factual information to "provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555-56; *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008).  A plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (citations omitted).  "[T]he complaint must contain facts which state a claim as a matter of law and must not be conclusory." *Briehl v. General Motors Corp.*, 172 F.3d 623, 627 (8th Cir. 1999). "When ruling on a motion to dismiss, the district court must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001).

The Court construes Mr. Kellebrew's complaint to allege that the search of his home by defendants was an unreasonable search and seizure in violation of the Fourth Amendment to the

United States Constitution and an unconstitutional retaliation in violation of the First Amendment (Dkt. No. 2, at 4, 5, 8-10).  Defendants Agents Anderson, Barrow, Sanders, and McBroome, who are named as defendants in their official and individual capacities, move to dismiss on the merits due to sovereign immunity and qualified immunity (Dkt. Nos. 5, 14).  For relief, Mr. Kellebrew seeks in his complaint to be removed from Arkansas Community Corrections parole services, to be removed from Arkansas Community Corrections – Monticello S.O.A.P. Sex Offender After-Care Program, to be refunded all money he has paid to these entities, relief from polygraph testing, and monetary damages (Dkt. No. 2, at 12–15).

"[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity . . . [and] is not a suit against the official personally."  *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985).  States are immune to suits for monetary damages.  *See generally Hans v. Louisiana*, 134 U.S. 1 (1890).  Likewise, a state official sued in their official capacity is protected by sovereign immunity under the Eleventh Amendment from all claims except claims for prospective injunctive relief.  *See Hopkins v. Saunders*, 199 F.3d 968, 977 (8th Cir. 1999).  The Court dismisses with prejudice based on sovereign immunity all of Mr. Kellebrew's claims for monetary damages against Agents Anderson, Barrow, Sanders, and McBroome named in their official capacities.

The *Ex Parte Young* doctrine allows an exception to state sovereign immunity when a state official is named in their official capacity and "the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective."  *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 636 (2002).  In his complaint, Mr. Kellebrew alleges only prior constitutional violations, not ongoing violations (Dkt. No. 2).  Further, with respect to Agent McBroome, Mr. Kellebrew alleges no conduct from which the Court can determine how

Mr. Kellebrew maintains Mr. McBroome violated the Fourth Amendment (*Id.*). For these reasons, the Court dismisses all of Mr. Kellebrew's claims for injunctive relief against defendants Agents Anderson, Barrow, Sanders, and McBroome named in their official capacities.

The Court now turns to Mr. Kellebrew's individual capacity claims against Agents Anderson, Barrow, Sanders, and McBroome. "Qualified immunity shields a government official from liability in a § 1983 action unless the official's conduct violates a clearly established constitutional or statutory right of which a reasonable person would have known." *Partlow v. Stadler*, 774 F.3d 497, 501 (8th Cir. 2014) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). A two-step inquiry determines whether qualified immunity should be granted: "(1) whether the facts shown by the plaintiff make out a violation of a constitutional or statutory right, and (2) whether that right was clearly established at the time of the defendant's alleged misconduct." *Id.*

As a condition of his parole, Mr. Kellebrew has waived his right to be free from warrantless searches that would otherwise violate the Fourth Amendment (Dkt. No. 2, at 45-46). This waiver is constitutional. *See Samson v. California*, 547 U.S. 843, 857 (2006) ("The Fourth Amendment does not prohibit a police officer from conducting a suspicionless search of a parolee."). In other words, a parolee who is released on the condition that he must "submit to suspicionless searches by a parole officer or other police officer 'at any time'" and is "unambiguously" made aware of the condition lacks "an expectation of privacy that society would recognize as legitimate." *Id.* As a result, the Court finds that Mr. Kellebrew fails to state a Fourth Amendment claim upon which relief can be granted against the agents he names as individual defendants.

Generally, to succeed on a First Amendment retaliation claim, a plaintiff must prove that: "(1) he engaged in a protected activity, (2) [the defendant] took adverse action against him that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action

6

was motivated at least in part by the exercise of the protected activity." *Gonzalez v. Bendt*, 971 F.3d 742, 745 (8th Cir. 2020) (quoting *Spencer v. Jackson County*, 738 F.3d 907, 911 (8th Cir. 2013)).  Even if retaliation is a motivating factor, a defendant may still prevail if he or she would have taken the same action even in the absence of the protected conduct.  *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 285–87 (1977); *Lewis v. Jacks*, 486 F.3d 1025, 1029 (8th Cir. 2007); *Haynes v. Stephenson*, 588 F.3d 1152, 1156 (8th Cir. 2009).

      Mr. Kellebrew appears to allege that he was removed from a sex offender after-care class run by Arkansas Community Corrections on September 15, 2022, and that the search of his home was either retaliation for whatever it was that caused him to be removed from this class or for a complaint he filed after being removed from the class (Dkt. No. 2, at 7, 8).  Mr. Kellebrew fails to state a First Amendment retaliation claim against Agents Anderson, Barrow, Sanders, and McBroome because the search about which he complains was not an adverse action but instead a condition of his parole.  That warrantless search could be conducted at any time, whenever requested by the officer, and need not be based on any articulable suspicion of criminal activity.  *See* Ark. Code Ann. § 16–93–106; *see also Clingmon v. State*, 620 S.W.3d 184, 190 (Ark. Ct. App. 2021) (upholding the statute as constitutional under Arkansas law).  Further, Mr. Kellebrew fails to explain the protected activity in which he alleges he engaged, and Mr. Kellebrew fails to allege sufficient facts to demonstrate a causal connection or any retaliatory motive or animus.  As a result, the Court finds that Mr. Kellebrew fails to state a First Amendment claim upon which relief can be granted against the agents he names as individual defendants.

      For these reasons, the Court dismisses Mr. Kellebrew's claims against Agents Anderson, Barrow, Sanders, and McBroome in their individual capacities.

To the extent Mr. Kellebrew's complaint and prayer for relief can be construed as a request for preliminary injunctive relief, he is not entitled to such relief as he fails to meet the requirements of Federal Rule of Civil Procedure 65 and fails to satisfy the factors in *Dataphase Systems, Inc., v. C L Systems, Inc.*, 640 F.2d 109. 114 (8th Cir. 1984) (*en banc*).

Moreover, to the extent Mr. Kellebrew seeks for this Court to declare that he is removed from Arkansas Community Corrections parole services, removed from Arkansas Community Corrections – Monticello S.O.A.P. Sex Offender After-Care Program, and need not comply with certain conditions imposed on him such as polygraph testing (Dkt. No. 2, at 12–15), his requested relief is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the Supreme Court held that a prisoner may not recover damages in a 42 U.S.C. § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of *habeas corpus*.  *Heck*, 512 U.S. at 486-87; *see also Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995).  Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction, confinement, or sentence.  *See Heck*, 512 U.S. at 486-87.

Mr. Kellebrew has not alleged that his prior conviction or sentence as a sex offender leading him to be under these conditions imposed by the State of Arkansas has been reversed, expunged, or called into question by a writ of *habeas corpus*.  The relief Mr. Kellebrew seeks implicates the validity of his prior conviction and sentence.  Thus, his claims for relief in this regard are barred by *Heck* and must be dismissed.  *See Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996) (indicating that, under *Heck*, courts disregard the form of relief sought and instead look to the essence of a plaintiff's claims).

For these reasons, the Court dismisses all of Mr. Kellebrew's claims against Agents Anderson, Barrow, Sanders, and McBroome.

IV.  **Claims Against Remaining Defendants**

Mr. Kellebrew also names as defendants the State of Arkansas, Arkansas Community Corrections, and Arkansas Department of Corrections (Dkt. No. 2).  There is no indication in the record that Mr. Kellebrew has attempted or effectuated service on any of these defendants.  Pursuant to Rule of Civil Procedure 4(m), if a defendant is not served within 90 days after the complaint is filed, the Court may dismiss without prejudice claims against the defendant on the Court's own motion.  The Court dismisses without prejudice Mr. Kellebrew's claims against the State of Arkansas, Arkansas Community Corrections, and Arkansas Department of Corrections.

V.  **Remaining Motions**

    A.  **Writ Of Mendabus**

The Court construes Mr. Kellebrew's "writ of mendabus" as an attempt to amend Mr. Kellebrew's operative complaint to add claims against all defendants for violation of the Eighth Amendment and unspecified provisions of the Arkansas state constitution (Dkt. No. 9, ¶¶ 3, 4).

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave.  The Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  "'[D]enial of leave to amend a pleading is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the nonmoving party can be demonstrated.'" *Artz v. Armstrong Flooring, Inc.*, No. 6:17-03352-CV-RK, 2019 WL 79366, at *2 (W.D. Mo. Jan. 2, 2019) (quoting *Roberson v. Hayti Police Dept.*, 241 F.3d 992, 995 (8th Cir. 2001)); *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In the document that the Court construes as Mr. Kellebrew's proposed amended complaint, he alleges "THAT A.C.C. ARKANSAS COMMUNITY CORRECTIONS HAVE OVERSTEPPED IN VIOLATIONS OF PLAINTIFFS RIGHTS INTO THE BOUND OF EIGHTH AMENDMENT VIOLATIONS" and "THAT THESE ALLEGED 'HOME VISITS' ARE INTRUDEING [sic] INTO VIOLATIONS OF ARKANSAS SUPREME COURT AND ARKANSAS CODE ANNON. [sic] UNDER RULES OF CONFIDENTIALITY, ADDITIONAL FOURTH AMENDMENT VIOLATIONS AND EIGHTH AMENDMENT VIOLATIONS OF EXCESSIVE PUNISHMENT." (Dkt. No. 9, ¶¶ 3, 4).

The Court construes this language to allege claims for violations of the Eighth Amendment and of the Arkansas constitution (*Id.*). To state a viable Eighth Amendment claim, Mr. Kellebrew must allege facts demonstrating that: (1) objectively, he suffered an "extreme deprivation" that was "sufficiently serious" enough to deny him "the minimal civilized measure of life's necessities," or to pose "a substantial risk of serious harm" to his health or safety; and (2) subjectively, the defendants were deliberately indifferent to the risk of harm posed by the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994); *see Rhodes v. Chapman*, 452 U.S. 337, 349 (1981) (holding that the "Constitution does not mandate comfortable prisons" or that prisons be "free of discomfort"). In support of his amendment, Mr. Kellebrew alleges only facts that implicate the Fourth Amendment claims he previously asserts in his original complaint, complaining again about the "home visits" (Dkt. No. 9, at 2).

None of Mr. Kellebrew's proposed amended claims include sufficient explanation to qualify as a "short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2). Mr. Kellebrew does not "provide the 'grounds' on which the claim rests" or "raise a right to relief above a speculative level." *Twombly*, 550 U.S. a 555-56. As a

10

result, the Court denies without prejudice Mr. Kellebrew's motion to amend his complaint (Dkt. No. 9).

### B. Federal Refusal Motion

Mr. Kellebrew filed a motion titled "federal refusal" that appears to request relief for defendants allegedly refusing service of process (Dkt. No. 10). The Court denies this motion, having granted certain defendants' motions to dismiss based on insufficient service of process and having granted certain defendants' motions to dismiss on the merits.

### C. Motion For Default Judgment

Mr. Kellebrew also files a motion for default judgment, again based on defendants allegedly refusing of service of process (Dkt. No. 24). The Court denies this motion, having granted certain defendants' motions to dismiss based on insufficient service of process and having granted certain defendants' motions to dismiss on the merits.

### D. Motion For Relief And Injunctive Relief

Mr. Kellebrew files a motion for relief and injunctive relief (Dkt. No. 28). In this motion, Mr. Kellebrew again invokes the Eighth Amendment, claiming excessive Eighth Amendment violations give rise to his request for immediate relief (*Id.*, at 1). The relief he seeks in this motion appears to be relief from the terms and conditions of parole in the State of Arkansas that he is currently serving, such as relief from ankle monitoring, polygraph testing, warrantless searches, and the programming required for sex offenders. To the extent this motion can be construed as a motion for leave to amend his complaint, the Court denies it for the same reasons explained in this Order with regard to his prior filing invoking the Eighth Amendment. To the extent this motion can be construed as a request for preliminary injunctive relief, the Court denies it for the same reasons explained in regard to Mr. Kellebrew's prior request for injunctive relief. Further, the

relief Mr. Kellebrew seeks in this motion also is *Heck* barred for the reasons explained in this Order.  For all of these reasons, the Court denies the motion (Dkt. No. 28).

### E. Defendants' Motion To Vacate

Finally, the Court denies as moot defendants' motion to vacate the initial scheduling Order (Dkt. No 19).

## IV. Conclusion

For the foregoing reasons, the Court grants the pending motions to dismiss (Dkt. Nos. 5, 14, 22).  The Court dismisses with prejudice Mr. Kellebrew's claims for monetary damages against Agents Anderson, Barrow, Sanders, and McBroome in their official capacities.  The Court dismisses Mr. Kellebrew's remaining claims against Agents Anderson, Barrow, Sanders, and McBroome in their official and individual capacities.  The Court dismisses Mr. Kellebrew's claims against the State of Arkansas, Arkansas Community Corrections, and Arkansas Department of Corrections.  The Court denies as moot Mr. Kellebrew's motion to proceed *in forma pauperis* (Dkt. No. 1).  The Court denies as moot defendants' motion to vacate the initial scheduling Order (Dkt. No. 19).  The Court denies all other pending motions for the reasons explained in this Order (Dkt. Nos. 9, 10, 24, 28).  Consistent with the terms of this Order, this case is dismissed, and the requested relief is denied.

It is so ordered this 25th day of March, 2024.

Kristine G. Baker
Chief United States District Judge